# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:14CV00046 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **VECTOR ARMS INC V-47 RIFLE** ) | |
| **CAL: 7.62 SN: 0048, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Kartic Padmanabhan, Assistant United States Attorney, Roanoke, Virginia, for Plaintiff; Mark David Bailey, Pro Se Claimant.*

In this civil action, the United States seeks the forfeiture of two firearms pursuant to 18 U.S.C. § 924(d). Mark David Bailey has filed a timely claim to property and the United States has moved for summary judgment. After reviewing the evidence in the light most favorable to the claimant, I conclude that the Motion for Summary Judgment must be granted.

I. FACTUAL SUMMARY AND PROCEDURAL HISTORY.

The undisputed facts, taken from the Verified Complaint and the summary judgment record, are as follows.

Claimant Bailey owns Bailey's Gun Supplies, a business located in Tazewell, Virginia, in this judicial district. On June 27, 2013, the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") revoked Bailey's Federal Firearms License ("FFL"). Four months later, on October 25, 2013, officials at ATF determined that Bailey was in possession of two machineguns.[1] Bailey, as the owner of Bailey's Gun Supplies, had lawfully obtained the machineguns from the manufacturer, Vector Arms Corporation, in March 2011 and April 2012. That same day, ATF agents met with Bailey near his business in Tazewell. They told him that, because he had lost his FFL, he could no longer lawfully possess the machineguns. Bailey produced the guns, and the agents seized them.

On July 3, 2014, the United States filed this action in rem against the machineguns and obtained a Warrant of Arrest in rem. The United States published notice of the action as required by Federal Rule of Civil Procedure Supplemental Rule G(4)(a). It also served Bailey with notice as required by Supplemental Rule G(4)(b). In response, Bailey filed a Claim for Return of Property and an Answer, both of which he subsequently amended to comply with Supplemental Rule G(5)(a). On October 14, 2014, the United States learned that the defendant machineguns were already in the possession of the ATF. Six months

---

[1] A "machinegun" is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 18 U.S.C. § 921(a)(23) (referring to 26 U.S.C. § 5845(b).) There is no question but that the firearms sought to be forfeited meet this definition.

later, on April 14, 2017, the United States filed a Motion for Summary Judgment. The motion has been fully briefed and is ripe for decision.[2]

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, the party opposing summary judgment must nevertheless "properly address [the movant]'s assertion of fact" in order to proceed to trial. Fed. R. Civ. P. 56(e).

Where a firearm is "involved in or used in" the violation of any federal criminal law, that firearm is "subject to seizure and forfeiture." 18 U.S.C. § 924(d)(1). It is a federal criminal offense for a person to possess a machinegun unless he (A) possesses it "under the authority of" a federal or state government agency or (B) lawfully possessed it "before the date this subsection takes effect." 18 U.S.C. at § 922(o)(2)(B).

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

## III. ANALYSIS.

In his Amended Answer, Bailey asserts that, because the machineguns in question were purchased before his FFL was revoked, his possession of the machineguns falls within § 922(o)'s second exception for lawful possession "before the date this subsection takes effect." Am. Answer 1, ECF No. 8 (quoting 18 U.S.C. § 922(o)(2)(B)). The United States asserts that this exception does not apply to Bailey's situation because § 922(o) took effect "long before" the machineguns were confiscated in October 2013. Mem. Supp. Summ. J. 4-5, ECF No. 11. It also asserts that once Bailey's FFL was revoked, his "continued possession" of the machineguns was a "clear violation of § 922(o), which flatly prohibits the possession of machineguns by any person." *Id.* at 4. In response, Bailey asserts that the machineguns were "issued to [him] by the United States Department of Justice and registered under the National Firearms Act." Mem. Opp'n. Summ. J. 1, ECF No. 13.

When Bailey obtained the machineguns from the manufacturer in March 2011 and April 2012, he did so using his FFL, which was issued to him by the ATF. While he retained that license, he lawfully possessed the machineguns pursuant to § 922(o)'s first exception: "possession . . . under the authority of, the United States or any department or agency thereof." 18 U.S.C. § 922(o)(2)(A). In short, the FFL allowed him to possess the machineguns "under the authority of"

the ATF. After Bailey lost that license in June 2013, he no longer had that authority to possess the machineguns.

Bailey asserts in his brief that the machineguns were "issued to [him] by the . . . Department of Justice." Mem. Opp'n. Summ. J. 1, ECF No. 13. He points to the applications showing that the ATF approved the transfer of the machineguns from the manufacturer to Bailey's Gun Supplies, stating that he was "approved . . . to own" the machineguns pursuant to the Second Amendment. *Id.* Bailey is correct that the applications show that he obtained the machineguns lawfully and that the ATF approved his possession of the guns. However, that approval was based on, among other things, Bailey's FFL — not the Second Amendment. The approved applications do not grant Bailey the authority to continue to possess the machineguns after losing his license. Furthermore, the Second Amendment does not permit a person who loses his FFL to continue to possess a banned machine gun. *District of Columbia v. Heller*, 554 U.S. 570, 624-25 (2008) (stating that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," including "short-barreled shotguns" and "machineguns"); *Kolbe v. Hogan*, 849 F.3d 114, 131 (4th Cir. 2017) (same); *see also Hamblen v. United States*, 591 F.3d 471, 474 (6th Cir. 2009) (holding that the Second Amendment "does not authorize an unlicensed individual to possess unregistered machine guns for personal use"). Finally, the applications do not

show that the machineguns were issued to Bailey by the Department of Justice; on the contrary, they show that the machineguns were transferred to Bailey by the manufacturer, Vector Arms Corporation. Am. Answer 3, ECF No. 8.

Bailey also asserts that his possession of the machineguns is lawful under § 922(o)'s second exception, which allows a person to possess a machinegun where he lawfully possessed that machinegun "before the date this subsection takes effect." 18 U.S.C. § 922(o)(2)(B). He states that, because he purchased the machineguns before his license was revoked, his continued possession of the machineguns is lawful under this exception. The "date" referenced in that exception, however, is not the date he lost his license — it is the date that provision of the law took effect. Subsection 922(o) went into effect on May 19, 1986. Firearms Owners' Protection Act, Pub. L. No. 99-308, ch. 44, sec. 102, § 922, 100 Stat. 449 (1986). Thus, a person may retain possession of a machinegun only where he lawfully possessed the machinegun before May 19, 1986. The approved applications for the transfer of the two machineguns at issue here clearly show that Bailey obtained them in March 2011 and April 2012, so the second exception of § 922(o) does not apply.

IV. CONCLUSION.

Neither party disputes that Bailey lost his FFL, that he continued to possess the machineguns after losing his license, and that he obtained the firearms after the

ban took effect in May 1986. Moreover, the documentation provided by Bailey does not rebut the United States' contention that there is no genuine dispute of fact to be resolved in this case. It is therefore clear as a matter of law that Bailey violated 18 U.S.C. § 922(o). Because he violated a federal criminal law by possessing machineguns without a FFL, the machineguns were "involved in or used in" the violation of the law, and are therefore "subject to seizure and forfeiture." 18 U.S.C. § 924(d)(1). I therefore find that the United States is entitled to summary judgment as a matter of law.

In light of the foregoing, it is **ORDERED** that the United States' Motion for Summary Judgment (ECF No. 10) is GRANTED. A separate judgment consistent with this opinion is being entered herewith.

ENTER: June 30, 2017

/s/ James P. Jones
United States District Judge